UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REESE P. HUGHES,<br><br>             Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>             Defendant. | )<br>) No. CV-08-0077-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on November 7, 2008.  (Ct. Rec. 18, 20).  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.)  On October 30. 2008, plaintiff filed a reply.  (Ct. Rec. 22.)  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 20) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 18.)

**JURISDICTION**

Plaintiff protectively filed applications for benefits under Title II and Title XVI on August 25, 2005, alleging onset as of

November 17, 2003. (Tr. 66-68, 70-72.) The applications were denied initially and on reconsideration. (Tr. 35-37, 41-44.) Administrative Law Judge (ALJ) Mary Bennett Reed held a hearing on August 22, 2006. (Tr. 346-389, duplicated at 392-456.) Plaintiff, represented by counsel, and vocational expert Tom Moreland testified. On November 14, 2006, the ALJ issued a decision finding that plaintiff was disabled, but substance abuse materially contributed to the finding, barring eligibility. (Tr. 16-28.) The Appeals Council denied a request for review on February 7, 2008. (Tr. 7-10.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 28, 2008. (Ct. Rec. 1, 4.)

**STATEMENT OF FACT**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 50 years old at onset and 53 at the time of the hearing. (Tr. 346.) He earned a GED and completed and two years of college. (Tr. 101, 347-348.) Plaintiff has worked as a telephone solicitor/marketer, inbound customer service representative, computer software analyst, real estate agent, and sales clerk. (Tr. 111, 119.) He testified that in 2003 or 2004 he worked for eleven months for the ICT Group providing technical cell phone support. He worked for two years as a computer user support analyst. (Tr. 350, 357, 384.) Plaintiff testified that he

used methamphetamine two or three times in 2002 or 2003. (Tr. 371.) He alleges disability as of November 17, 2003, due to depression, anxiety, personality disorder NOS, diabetes, alcohol/drug addiction in remission since January 2005, and obesity. (Tr. 96.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 3 -

whether plaintiff has a medically severe impairment or combination
of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),
416.920(a)(4)(ii).

    If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied.  If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity.  20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1.  If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
At this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

1  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

2  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

3  met once plaintiff establishes that a physical or mental

4  impairment prevents the performance of previous work.  The burden

5  then shifts, at step five, to the Commissioner to show that (1)

6  plaintiff can perform other substantial gainful activity and (2) a

7  "significant number of jobs exist in the national economy" which

8  plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

9  Cir. 1984).

10     Plaintiff has the burden of showing that drug and alcohol

11  addiction (DAA) is not a contributing factor material to

12  disability.  *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir.

13  2001).  The Social Security Act bars payment of benefits when drug

14  addiction and/or alcoholism is a contributing factor material to a

15  disability claim.  42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J);

16  *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998).  If there

17  is evidence of DAA and the individual succeeds in proving

18  disability, the Commissioner must determine whether the DAA is

19  material to the determination of disability.  20 C.F.R. §§

20  404.1535 and 416.935.  If an ALJ finds that the claimant is not

21  disabled, then the claimant is not entitled to benefits and there

22  is no need to proceed with the analysis to determine whether

23  substance abuse is a contributing factor material to disability.

24  However, if the ALJ finds that the claimant is disabled, then the

25  ALJ must proceed to determine if the claimant would be disabled if

26  he or she stopped using alcohol or drugs.

27                    **STANDARD OF REVIEW**

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 5 -

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the
decision.  *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

**ALJ'S FINDINGS**

At the onset the ALJ found plaintiff met the insured status
requirements through March 30, 2008.  (Tr. 18.)  The ALJ found at
step one that plaintiff has made unsuccessful work attempts but
has not engaged in substantial gainful activity since onset.  (Tr.
18-19.)  At steps two and three, the ALJ found that plaintiff
suffers from depression, anxiety, personality disorder nos,
diabetes, alcohol/drug addiction in remission since January of
2005, and obesity, impairments that are severe.  (Tr. 19.)  The
ALJ found that, prior to February 2005, including DAA, plaintiff's
impairments met the requirements of Listings 12.04, 12.06, 12.08
and 12.09.  (Tr. 20.)  Plaintiff was therefore disabled when DAA
is included.

The ALJ found that if plaintiff stopped abusing substances
(and after February 1, 2005) the remaining limitations would cause

more than a minimal impact on the plaintiff's ability to perform basic work activities, but would not meet or medically equal Listings 12.04, 12.06, and 12.08. (Tr. 21.) The ALJ found plaintiff less than fully credible and assessed an RFC (when DAA is excluded) for a limited range of unskilled light work with mental functional limitations. (Tr. 21-23.)

At step four, relying on the VE's testimony, the ALJ found that when DAA is excluded, plaintiff is unable to perform his past relevant work. (Tr. 26-27.) At step five, again relying on the VE, the ALJ found there are other jobs plaintiff can perform when substance abuse is excluded. (Tr. 27-28.) The ALJ determined, pursuant to *Bustamante*,[1] that the jobs a person with plaintiff's background and limitations could perform (when not abusing substances) include cleaner/housekeeper, assembly line bakery worker, and small products assembly worker. (Tr. 27-28.) Because plaintiff would not be disabled if he stopped abusing substances, substance abuse is a contributing factor material to the disability determination. (Tr. 28.) Accordingly, the ALJ found that plaintiff is barred from receiving benefits under the Social Security Act. (*Id.*)

## ISSUES

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly weigh the medical evidence. (Ct. Rec. 19 at 14-19). The Commissioner disagrees and asks that the decision be affirmed. (Ct. Rec. 17 at 7-10).

## DISCUSSION

---

[1]*Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 8 -

## A.  Weighing medical evidence

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989).  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).  More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states

specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ improperly weighed the medical evidence, including the opinions of examining professional Brooke Sjostrom, MS, LMHC, adopted by Mahlon Dalley, Ph.D., on June 30, 2004, and January 11, 2005.

The ALJ notes following Ms. Sjostrom's first evaluation on June 28, 2003, about seven months after onset, she diagnosed major depressive disorder, recurrent, moderate, and an adjustment disorder with anxiety. (Tr. 24, referring to Tr. 145.) The ALJ credits Ms. Sjostrom's opinion that a major factor exacerbating plaintiff's anxiety was his homelessness. The ALJ also notes Ms. Sjostrom opined plaintiff would likely have temporary problems sustaining employment due to his mental health issues. (*Id.*, citing Tr. 145-146.) The ALJ observes that following the second evaluation on January 5, 2005, Ms. Sjostrom diagnosed methamphetamine dependence. (Tr. 24, referring to Tr. 154.) The ALJ essentially agreed with Ms. Sjostrom that plaintiff was unable to work prior to February 1, 2005, when he was actively abusing

substances, because the ALJ found he was disabled during this
period based on the Listings.  (Tr. 20, 24.)

John Arnold, Ph. D., also evaluated plaintiff twice.
Plaintiff argues that the ALJ improperly discounted the severe and
moderate limitations assessed by Dr. Arnold on September 30,
2005, and the moderate limitations he assessed on April 20, 2006.
(Ct. Rec. 19 at 15, 18-19.)  The Commissioner responds that the
ALJ properly discounted Dr. Arnold's opinions because they are
based on plaintiff's unreliable self-report, the ALJ's credibility
assessment is supported by the record and unchallenged, and the
ALJ correctly found Dr. Arnold's opinions are inadequately
supported by clinical findings.  (Ct. Rec. 21 at 7, 9-10.)

To aid in weighing the conflicting medical evidence, the ALJ
evaluated plaintiff's credibility and found him less than fully
credible - an assessment not challenged on appeal.  (Tr. 30-33.)
Credibility determinations bear on evaluations of medical evidence
when an ALJ is presented with conflicting medical opinions or
inconsistency between a claimant's subjective complaints and
diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688
(9th Cir. 2005).

It is the province of the ALJ to make credibility
determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir.
1995).  However, the ALJ's findings must be supported by specific
cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th
Cir. 1990).  Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 11 -

1998).  Absent affirmative evidence of malingering, the ALJ's

reasons for rejecting the claimant's testimony must be "clear and

convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify

what testimony not credible and what evidence undermines the

claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v.

Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

     The ALJ gave several reasons for her credibility assessment.

As the Commissioner points out, the ALJ observed plaintiff (1)

gave inconsistent reports of his methamphetamine use to medical

professionals[2]; (2) engaged in daily activities inconsistent with

the degree of claimed impairment, including caring for

grandchildren, grocery shopping, washing dishes and sweeping

floors; and (3) inconsistently described himself as not

socializing well while, on his resume, he described his

interpersonal and communication skills as excellent.  (Ct. Rec. 21

at 7-8, referring to Tr. 23.)  Plaintiff told his counselor Martha

Nelson, MSW, on February 1, 2006, that he cared for his three

grandchildren all under age five for 8-9 hours a day while the

parents attended school. (Tr. 233.)

     The ALJ's unchallenged credibility assessment is supported

by clear and convincing reasons, and the reasons are in turn

supported by the evidence.

---

     [2]The ALJ observes that in January of 2005, plaintiff
reported regular intravenous methamphetamine use from 2000 to
2004.  In a June 2004 assessment, plaintiff did not disclose his
methamphetamine use. (Tr. 23, referring to Exhibits 1F and
2F1; see also Tr. 194: at a September 2004 medical appointment,
plaintiff described *past* iv methamphetamine use.)

The ALJ gave little weight to the limitations assessed by Dr. Arnold because his opinion appears to be based on plaintiff's unreliable self report, and the degree of impairment was not expected to last more than six months. (Tr. 25-26.) The ALJ's reasons are specific, legitimate and supported by the record. Although not noted by the ALJ, Dr. Arnold observed plaintiff's F scale on the MMPI-2 was sufficiently elevated to invalidate the test, suggestive of "an embellishment of psychological difficulties." (Tr. 304.) Dr. Arnold went on to opine that his report should be interpreted with "with some level of caution." (*Id.*)

Plaintiff challenges the ALJ's assessment of a May 17, 2005, evaluation by Kathy Jamieson Turner, MS, and endorsed by Frank Rosenkrans, Ph.D. (Ct. Rec. 14, referring to Tr. 286-293.) The ALJ notes:

> In May of 2005, Ms. Kathy Jamieson Turner, M.S., opined in her narrative assessment the claimant had been drug free for at least five months and that his depression and anxiety was a residual from prior substance abuse, which would indicate that functioning was still likely to improve with abstinence. No cognitive limitations were assessed although moderate social restrictions were assessed. Mental status exam was noted to be average. [The MMPI] indicated an elevated F scale. She further opined the claimant was quite capable of working and assigned the claimant a [GAF] of 65.[3] Exhibit 13F/4 [Tr. 288]. This assessment was adopted by Dr. Frank Rosenkrans, Ph.D. The undersigned finds this narrative assessment to be consistent with the medical record as a whole and

---

[3]A GAF (Global Assessment of Functioning) of 65 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH EDITION (DSM-IV), at p. 32.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

agrees with this narrative assessment.  However, the
basis for the social limitations on the check-the-box
DSHS form is not explained in the narrative report and
is not accepted to the extent it is inconsistent with
the findings of the undersigned.  Furthermore, it is
noted that such limitations were only expected to last
3 months, not meeting the durational requirements of
the Act.

(Tr. 25.)

The ALJ's reasons are specific, legitimate, and supported by substantial evidence.

Plaintiff alleges that the ALJ erred when she assessed the opinions of consulting psychologists Sharon Underwood, Ph.D. (November 2005), and James Bailey, Ph.D. (March 7, 2006).  The ALJ adopted Dr. Underwood's opinion that plaintiff met the requirements of Listing 12.09, substance abuse, with marked limitations of daily living and maintaining concentration, persistence, and pace.  (Tr. 19, referring to Exhibit 4F at Tr. 170-183.)  She agreed with Dr. Underwood that plaintiff is not credible regarding his substance abuse, based on inconsistent reports in Exhibits 1F and 2F.  (Tr. 19.)  The ALJ found, contrary to Dr. Underwood's opinion, that plaintiff has "a severe mental impairment" absent substance abuse; thus, to the extent the ALJ disagreed with Dr. Underwood, it was in finding plaintiff *more* impaired without DAA.

The ALJ notes Dr. Bailey opined that absent DAA, with respect to the part B criteria of the Listings, plaintiff is moderately limited in his ability to maintain social functioning.  (Tr. at 21, referring to Exhibit 12F at Tr. 282.)  The ALJ found this assessment consistent with the medical record and the record as a whole.  (*Id.*)  The ALJ properly considered and credited this

portion of Dr. Bailey's opinion because it is consistent with the record, including the assessed GAF of 65 and moderate social restrictions diagnosed by Ms. Turner and Dr. Rosenkrans. Plaintiff argues the ALJ erred by failing to include Dr. Bailey's "several moderate work-related limitations" in her hypothetical. (Ct. Rec. 22 at 3.)  The ALJ adopted most of Dr. Bailey's opinion, agreeing that plaintiff can perform detailed tasks, work around others but not in high levels of cooperation with them, and have superficial contact with co-workers.  She incorporated these limitations in her hypothetical.  (Tr. 24, referring to Tr. 270, 385, 450.)  The ALJ's hypothetical did not include the "slow to respond to change" limitation assessed by Dr. Bailey, nor did she agree with his check box assessment of a moderate limitation in the ability to maintain attention and concentration for extended periods.  The evidence does not support the additional limitations and the check box assessment appears to contradict Dr. Bailey's own written assessment.  The ALJ included the limitations assessed by Dr. Bailey which were supported by the evidence.

When she weighed the medical opinions and assessed plaintiff's RFC, the ALJ considered plaintiff's credibility, the medical evidence, the results of psychological testing, and the opinions of examining and reviewing psychologists.  The ALJ gave specific and legitimate reason supported by the record for rejecting some of the opinions.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

1  *Richardson*, 402 U.S. at 400.  The court has a limited role in

2  determining whether the ALJ's decision is supported by substantial

3  evidence and may not substitute its own judgment for that of the

4  ALJ, even if it might justifiably have reached a different result

5  upon de novo review.  42 U.S.C. § 405 (g).

6      The ALJ provided clear and convincing reasons for finding

7  plaintiff's allegations not fully credible.  The ALJ weighed the

8  medical evidence and found plaintiff disabled when DAA is

9  included.  She found that when DAA is excluded, plaintiff is not

10 disabled and DAA is material to the disability determination.  In

11 reaching these conclusions, the ALJ failed to adopt the opinions

12 of some examining professionals.  Instead, she relied on the

13 opinions of other examining and consulting psychologists,

14 plaintiff's credibility, and the record as a whole.

15     The ALJ's assessment of the medical and other evidence is

16 supported by the record and free of legal error.

17                          **CONCLUSION**

18     Having reviewed the record and the ALJ's conclusions, this

19 court finds that the ALJ's decision is free of legal error and

20 supported by substantial evidence..

21     **IT IS ORDERED:**

22     1. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is

23 **GRANTED.**

24     2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 18)** is

25 **DENIED.**

26     The District Court Executive is directed to file this Order,

27 provide copies to counsel for Plaintiff and Defendant, enter

28 judgment in favor of Defendant, and **CLOSE** this file.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 16 -

1    DATED this 2nd day of December, 2008.

2                                    s/ James P. Hutton

3                            JAMES P. HUTTON
                         UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 17 -